**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Kristian Guillen**,<br><br>                              Plaintiff,<br><br>vs.<br><br>**The TJX Companies, Inc.**, a Delaware Corporation; and **Homegoods, Inc.**, a Delaware corporation<br><br>                              Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Kristian Guillen ("Plaintiff" or "Kristian Guillen"), sues the Defendants, The TJX Companies, Inc. and Homegoods, Inc. (collectively, "Defendants" or "Homegoods") (collectively, "Defendants") and alleges as follows:

### **PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  See 29 U.S.C. § 207(a).

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

1

## PARTIES

2        6.      At all times material to the matters alleged in this Complaint, Plaintiff was

3    an individual residing in Pima County, Arizona, and is a former employee of Defendants.

4        7.      At all material times, Defendant The TJX Companies, Inc. is a corporation

5    duly licensed to transact business in the State of Arizona.  At all material times,

6

7    Defendant The TJX Companies, Inc. does business, has offices, and/or maintains agents

8    for the transaction of its customary business in Pima County, Arizona.

9        8.      At all relevant times, Defendant The TJX Companies, Inc. owned and

10

11   operated as "Homegoods," an enterprise doing business in Pima County, Arizona.

12       9.      Under the FLSA, Defendant The TJX Companies, Inc. is an employer.  The

13   FLSA defines "employer" as any person who acts directly or indirectly in the interest of

14   an employer in relation to an employee.  At all relevant times, Defendant The TJX

15   Companies, Inc. had the authority to hire and fire employees, supervised and controlled

16

17   work schedules or the conditions of employment, determined the rate and method of

18   payment, and maintained employment records in connection with Plaintiff's employment

19   with Defendants.  As a person who acted in the interest of Defendants in relation to

20

21   Homegoods' employees, Defendant The TJX Companies, Inc. is subject to liability under

22   the FLSA.

23       10.     At all material times, Defendant Homegoods, Inc. is a corporation duly

24   licensed to transact business in the State of Arizona.  At all material times, Defendant

25

26   Homegoods, Inc. does business, has offices, and/or maintains agents for the transaction of

27   its customary business in Pima County, Arizona.

11.     At all relevant times, Defendant Homegoods, Inc. owned and operated as "Homegoods," an enterprise doing business in Pima County, Arizona.

12.     Under the FLSA, Defendant Homegoods, Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Homegoods, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Homegoods' employees, Defendant Homegoods, Inc. is subject to liability under the FLSA.

13.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of "Homegoods" in Pima County, Arizona.

16.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.s

17.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned company.

18.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

19.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

31.     Defendants own and/or operate as Homegoods, an enterprise doing business in Pima County, Arizona.

32.     Plaintiff was hired by and began working for Defendants in approximately September 2021.

33.     At all relevant times, Plaintiff worked for Defendants for approximately three weeks and left in approximately October 2021.

34.     At all relevant times, in his work for Defendants, Plaintiff worked as a warehouse laborer for Defendants.

35.     Defendants, in their sole discretion, paid Plaintiff $16 per hour.

1    36.    Approximately Plaintiff's first week of employment with Defendants

2    consisted of orientation for which Plaintiff received payment.

3    37.    The following two workweeks consisted of three or four approximately 15-

4    hour shifts.

5

6    38.    After working those two workweeks, Plaintiff put in his two-week notice

7    with Defendants.

8    39.    Thereafter, rather than completing what were supposed to be his final two

9    weeks, Defendants told Plaintiff to discontinue working immediately and leave.

10

11    40.    Defendants never paid Plaintiff for the final two workweeks of his

12    employment with them.

13    41.    Defendants classified Plaintiff as W-2 employee.

14    42.    In his final two workweeks with Defendants, Plaintiff approximately 45-60

15    hours.

16

17    43.    Approximately two weeks after having been terminated from his

18    employment, Plaintiff went to the warehouse in which he worked to inquire about when

19    he would be paid for the work he performed.

20

21    44.    In response, representatives of Defendants stated that Plaintiff's clock-in

22    badge was mal-functioning, and that that was the reason he was not paid.

23    45.    A short time after his employment, Plaintiff sent a note to Defendants'

24    human resources department asking why he had not yet been paid.  Plaintiff never

25    received a response to that note.

26

27

46.    As a result of the aforementioned allegations, Defendants never paid Plaintiff's final paycheck.

47.    As a result of the aforementioned allegations, Defendants failed to compensate Plaintiff any wages whatsoever for the final two workweeks of his employment with Defendants.

48.    Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

49.    To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

50.    As a result of not having paid any wage whatsoever to Plaintiff during his final workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

51.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

52.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

53.    Plaintiff was a non-exempt employee.

54.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

55.    Plaintiff is a covered employee within the meaning of the FLSA.

56.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

57.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

58.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

59.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.    As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

61.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

62.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kristian Guillen, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

63.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.   As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

65.   Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

66.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kristian Guillen, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

1

RESPECTFULLY SUBMITTED this 18th day of October, 2022.

2

BENDAU & BENDAU PLLC

3

By: /s/ *Clifford P. Bendau, II*

4

Clifford P. Bendau, II

Christopher J. Bendau

5

*Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## VERIFICATION

1

Plaintiff, Kristian Guillen, declares under penalty of perjury that he has read the

2

3 foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4 asserted therein are true and based on his personal knowledge, except as to those matters

5 stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8

Kristian Anderson Guillen (Oct 18, 2022 15:54 PDT)
Kristian Guillen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27